UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAYNE ALLEN LANGSTAFF, # 443473,

    Petitioner,

v.                                                    Case No. 22-11896

JAMES CORRIGAN, ACTING WARDEN,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (ECF NO. 2), SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1), AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

On July 26, 2022, Petitioner Dayne Allen Langstaff filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his January 20, 2003, Lenawee County Circuit Court plea convictions for armed robbery, Mich. Comp. Laws § 750.529; breaking and entering, Mich. Comp. Laws § 750.110; assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84; receiving and concealing firearms, Mich. Comp. Laws § 750.535b; and felony-firearm, Mich. Comp. Laws § 750.227b. Petitioner was sentenced to prison terms of 29 to 75 years for the armed robbery conviction, five years and seven months to ten years for the breaking and entering and assault convictions, three years and two months to ten years for receiving and concealing, and a determinate two-year term for the felony firearm conviction.

Petitioner claims he received ineffective assistance of counsel, that his sentences are invalid, and that his due process rights were violated when the trial court

denied his motion for relief from judgment without proper adjudication of his claims. (ECF No. 1, PageID.3.) Also before the court is Petitioner's motion for equitable tolling, in which he requests his petition be permitted to proceed as though timely filed. (ECF No. 2.)

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" petitions which lack merit on their face). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the court concludes that Petitioner is not entitled to equitable tolling, and that his petition must be dismissed as time-barred under 28 U.S.C. § 2244(d). The court will also deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal. An explanation follows.

## I.  BACKGROUND

Petitioner's convictions arose from "an early morning robbery in which a Lenawee County Sheriff's Deputy was injured." (Pet., ECF No. 1, PageID.10.) Petitioner asserts "he was under the influence of controlled substances at the time of the offense, and under prescribed psychotropic medications during the proceedings in this matter." (*Id.*) On January 20, 2003, Petitioner pleaded guilty in the Lenawee County Circuit Court to one count each of armed robbery, Mich. Comp. Laws § 750.529; breaking and entering, Mich. Comp. Laws § 750.110; assault with intent to commit great bodily harm less than murder, Mich. Comp. Laws § 750.84; receiving and concealing firearms, Mich. Comp. Laws § 750.535b; and felony-firearm, Mich. Comp. Laws § 750.227b. On February 20, 2003, he was sentenced to terms of incarceration of 29 to 75 years for the armed robbery conviction, five years and seven months to ten years for the breaking and entering and assault convictions, three years and two months to ten years for receiving and concealing, and two years for the felony firearm conviction.

The day after Petitioner was sentenced in the Lenawee County Circuit Court, he was transferred to a prison in Ohio to carry out a sentence there for an unspecified conviction. (ECF No. 2, PageID.74.) While in the Ohio facility, "he was unable to access the Michigan Law thus preventing him from pursuing his appeals." (*Id.*) Petitioner returned to the Michigan Department of Corrections in 2015. (*Id.*) Thereafter, he asserts, "he diligently tried to obtain his transcripts until June 6, 2021, so that he may pursue his appeal and post-conviction remedies." (*Id.*)

Petitioner provided the Registers of Action ("ROA") for the three cases underlying his convictions. The ROAs and Petitioner's other exhibits establish the following timeline of Petitioner's and state courts' activities and communications pertaining to his case:

- Petitioner was convicted by guilty plea at two hearings in the Lenawee County Circuit Court on January 10 and 15, 2003. (ECF No. 2, PageID.78, 80, 82-84, 86-88.)

- A sentencing hearing was held on all convictions on February 20, 2003. (*Id.* at PageID.80, 84, 88.)

- On February 21, 2003, an "Advice Concerning Right to Appeal" was filed in all three case files. (*Id.*)

- On August 27, 2015, Petitioner filed his first request for copies of his sentencing transcript. (*Id.* at PageID.84, 92.)

- In the case underlying Petitioner's armed robbery and breaking and entering convictions, an amended judgment of sentence was entered on August 31, 2015. (*Id.*)

- Petitioner renewed his request for his sentencing transcript on November 24, 2015. (*Id.* on PageID.84, 97-98.) The trial court denied the request on February 11, 2016, because Petitioner had not demonstrated his indigent status. (*Id.* at PageID.84, 99.)

- On February 22, 2016, Petitioner wrote the State Court Administrative Office about his difficulty obtaining transcripts in his case. (ECF No.1, PageID.60.) A March 10, 2016 letter from the Supreme Court

- addressed his request, instructing him how he might obtain his transcripts. (*Id.* at PageID.61.)

- Also on March 10, 2016, Petitioner sent the trial court a copy of his institutional trust account to demonstrate his indigency. (ECF No. 2, PageID.100). (This letter is not reflected in the Registers of Action.)

- In May 2018, the trial court informed Petitioner that his transcripts and records had been "disposed of."[1] (ECF No. 2, PageID.105; *see also* Order, 5/9/18, *id.*, PageID.108 (disposing of court records)).

- Petitioner filed motions for his sentencing transcripts on July 13, 2018 (ECF No. 2, PageID.80, 84, 88), and again on May 13, 2020. (*Id.* at 80, 85, 88).

- Petitioner filed a motion for relief from judgment in the trial court on April 23, 2021. (*Id.* at PageID.80, 85, 89.)

On May 20, 2021, the trial court denied Petitioner's motion for relief from judgment, in which he argued he received ineffective assistance of counsel during his plea and sentencing hearings. (ECF No. 1, PageID.22.) The court evaluated whether Petitioner had shown good cause for his failure to raise his claim on direct appeal as required by Michigan Court Rule 6.508(D)(3)(a), which governed Petitioner's motion. (*Id.*, PageID.24.) The court disagreed with Petitioner's argument that he established good cause because his "trial counsel failed to advise him regarding his appellate

---

[1] The order to dispose court records included "all dates preceding 01/01/2003." (ECF No. 2, PageID.108.) The record contains no explanation regarding how or why records from January and February 2003 (the dates of Petitioner's plea and sentencing hearings) were also destroyed

rights." (*Id.*) The record showed Petitioner signed an advice of appellate rights form, which included an application for leave to appeal as well as a form to request the appointment of an appellate lawyer. (*Id.* at PageID.24-25; *see also* ROA, ECF No. 2, PageID.80, 84, 88 (advice of rights form filed on February 21, 2003).) The trial court thus concluded that Petitioner had been advised of his appellate rights. (ECF No. 1, PageID.25.)

Accordingly, the trial court held that Petitioner was not entitled to relief from judgment. (*Id.* at PageID.25.) The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal the trial court's order. *People v. Langstaff*, No. 358246 (Mich. Ct. App., Nov. 17, 2021), *leave to appeal denied*, 975 N.W.2d 469 (Mich. June 28, 2022).

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the one-year time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

### III. DISCUSSION

#### A. Petitioner's Deadlines

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date, so 28 U.S.C. § 2244(d)(1) governs when his limitations period began to run. To measure the one-year limitations period, section 2244(d)(1)(A) provides the "operative date" for most habeas cases. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on February 20, 2003. He did not appeal his convictions to either the Michigan Court of Appeals or the Michigan Supreme Court. When a petitioner fails to pursue an avenue of appellate review available to him, the "time for seeking that review" is counted under § 2244(d)(1)(A). Petitioner had twelve months following the entry of his judgment of sentence in February 2003 to file a

7

delayed application for leave to appeal in the court of appeals. *See* Mich. Ct. R. 7.205(A)(4)(a) (since amended to reduce the delayed application time period from one year to six months. *See id.*, "Staff Comment to 2011 Amendment.")

However, because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no order, opinion, or judgment addressing the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Thus, Petitioner may not count the 56-day period for seeking leave to appeal to the Michigan Supreme Court. Likewise, the 90-day period for filing a petition for a writ of certiorari is not applied under these circumstances. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, where a petitioner fails to seek review in the state's highest court, the judgment becomes final on expiration of the time for seeking state-court review, because the Supreme Court can review only judgments of a state's highest court); *United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (same, as applied to 28 U.S.C. § 2255); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding finality analysis to be the same under §§ 2244(d) (1)(A) and 2255). Consequently, Petitioner's convictions became final on February 20, 2004, at the end of the time period for seeking review at the Michigan Court of Appeals. His deadline to file an application for a writ of habeas corpus was one year later, or February 20, 2005.

Nonetheless, a later deadline *may* apply because an amended judgment of sentence was entered on August 31, 2015 in the case file that includes Petitioner's armed robbery and breaking and entering charges. (*See* ECF No. 2, PageID.84 (8/31/15 ROA entry).) Petitioner does not acknowledge or explain the amended judgment in his pleadings, so the origin and basis of the amendment is unknown.

8

Regardless, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1056 (2021) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). And "[t]he entry of a new judgment normally resets the [habeas] statute-of-limitations clock[.]" *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015) (citing 28 U.S.C. § 2244(d)(1)(A); *Rashad v. Lafler*, 675 F.3d 564, 567-68 (6th Cir. 2012)). Because the amended judgment appears in the register of actions for Petitioner's armed robbery conviction, the only conviction for which his sentence term is still active,[2] the court finds it appropriate to calculate a limitations period for his habeas petition reflecting the amended judgment.

Starting from the "reset" date of August 31, 2015, Petitioner would have had six months to file an application for leave to appeal in the Michigan Court of Appeals, as the Michigan Court Rules were amended between 2003 and 2015. Mich. Ct. Rule 7.205(A)(4)(a); *see also Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding a defendant's conviction became final when the six months for seeking review under Mich. Ct. R. 7.205(F)(3), the predecessor rule to Mich. Ct. R. 7.205(A)(4), expired). Again, however, Petitioner filed no appeal following the entry of the amended judgment. His conviction would thus have been final at the expiration of the time to seek that review, on February 29, 2016.[3] The habeas statute of limitations began to run the next

---

[2]     Other than Petitioner's 29- to 75-year sentence for armed robbery, all other sentences are listed as "inactive" in the Michigan Department of Corrections Offender Tracking Information System. *See Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821, n. 3 (E.D. Mich. 2004) (Court is permitted to take judicial notice of OTIS).

[3]     "If a period is measured by months or years, the last day of the period is the same day of the month as the day on which the period began. If what would otherwise be the final month does not include that day, the last day of the period is the last day of that month."  Mich. Ct. R 1.108(3).

day, on March 1, 2016, *see Keeling v. Warden*, *Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012); and Petitioner's deadline to file his habeas petition would have expired one year later, on March 1, 2017. Petitioner did not file his state post-conviction motion until April 23, 2021, over four years later. Following the denial of leave to appeal the denial of his trial court motion in the state appellate courts, Petitioner filed his habeas petition on July 26, 2022. (ECF No. 1, PageID.4.)

### B. Equitable Tolling

"To be entitled to equitable tolling of the AEDPA statute of limitations, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Nassiri v. Mackie*, 967 F.3d 544, 549 (6th Cir. 2020) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). If the February 20, 2005 deadline applies, Petitioner demonstrated a complete lack of diligence by sitting on his rights for the twelve years he spent in an Ohio prison. Petitioner's excuse is that he was unable to research Michigan law in that time period. However, while "courts must take into account the realities of the prison system when assessing a petitioner's diligence[,]" *Moore v. United States*, 438 F. App'x 445, 450 (6th Cir. 2011), one such reality is that prisoners generally have access to U.S. mail. Petitioner does not explain why he failed to write the trial court, inquire about an appeal, or explore obtaining legal counsel during those twelve years. *See, e.g., Stone v. Ohio*, No. 14-3822, 2015 WL 13358337 (6th Cir. May 22, 2015) (granting equitable tolling where a petitioner diligently pursued legal research pertinent to his Ohio conviction by writing to an Ohio-based public defender while imprisoned in Pennsylvania).

Even if the post-amended-judgment March 1, 2017, deadline applies, Petitioner has established neither the required diligence nor an extraordinary circumstance which would have interfered with a timely filing. As to the latter, Petitioner provides no explanation what extraordinary circumstances impeded his ability to access Michigan courts from a Michigan prison after his return from the Ohio correctional system.

On the issue of diligence, Petitioner sent his first letter to the trial court requesting his sentencing transcripts on August 27, 2015, and renewed his request two months later, on November 24. (ECF No. 2, PageID.92, 97-98.) The trial court denied his request on February 11, 2016, because Petitioner had not established his indigent status. (*Id.* at PageID.99.) On March 10, 2016, after Petitioner wrote the State Court Administrative Office seeking assistance, that office sent a letter which instructed him how he might obtain his transcripts. (ECF No. 1, PageID.60-61.) Also on March 10, Petitioner purportedly sent the trial court his institutional account to demonstrate his indigency (ECF No. 2, PageID.100), although the Registers of Action do not indicate the court received this letter. (*See id.*, PageID.80, 84, 88.)

After his March 2016 letter, Petitioner took no further action on his transcript request for over two years. Only after the trial court informed Petitioner in May 2018 that his transcripts and records had been destroyed did Petitioner file a motion to obtain his sentencing transcript on July 13, 2018. (ECF No. 2, PageID.80, 84, 88). Although the court replied almost immediately on July 24, 2018 (*see id.*), Petitioner waited nearly a year and ten months before filing a motion for his transcripts on May 13, 2020. (*Id.* at PageID.80, 85, 88.) The court denied the motion less than a week later on May 18. (*Id.* at PageID.80, 85, 89.) Another eleven months passed before Petitioner filed his motion

11

for relief from judgment in the state trial court on April 23, 2021. (*Id.*) That filing was over four years after the expiration of Petitioner's habeas limitations period (if the clock was reset by the amended judgment) on March 1, 2017. Petitioner's laggardly pace in pursuing his transcripts and appeal demonstrates a complete lack of diligence on his own behalf.

AEDPA permits tolling its limitations period "for that period of time 'during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting 28 U.S.C. § 2244(d)(2)). But once the habeas limitations period has fully run, post-conviction or collateral petitions cannot "restart the clock." *Id.*; *see also Ordway v. Jordan*, No. 20-5425, 2020 WL 6197929, at *3 (6th Cir. Sept. 29, 2020) (citing *Vroman*, *supra*). Thus, Petitioner's motion for relief from judgment in the state trial court was filed four years too late to toll his habeas deadline.

Finally, in his motion for equitable tolling, Petitioner cites *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), and *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1998), for a five-factor test previously applied by the Sixth Circuit to analyze whether equitable tolling is appropriate in an individual habeas petitioner's case. However, "the *Dunlap* standard is no longer good law"; as explained above, the Sixth Circuit applies the "extraordinary circumstances test" of *Holland v. Florida*, *supra*. *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) (citation omitted).

Nonetheless, it is worth addressing Petitioner's argument, which he bases on one of *Dunlap*'s five factors, that "Respondent will not be prejudiced if this Court grants equitable tolling . . ." (ECF No. 2, PageID.75.) In fact, by his lack of diligence, Petitioner

12

prejudiced himself as well as Respondent. For over two years, between March 2016 and May 2018, Petitioner took no action when, after he demonstrated his indigency, the trial court failed to provide the transcripts he requested. The order permitting the destruction of Petitioner's plea and sentencing hearing transcripts was dated May 9, 2018. (ECF No. 2, PageID.108.) By failing to obtain those transcripts before their destruction, Petitioner eliminated equally his ability to establish his entitlement to habeas corpus relief and the state's ability to respond to his claims.

For all the reasons stated above, Petitioner has not demonstrated either adequate diligence or the extraordinary circumstances required to merit equitable tolling of his habeas petition. The petition will be denied as time-barred pursuant to 28 U.S.C. § 2244(d).

### C. Certificate of Appealability

Before Petitioner may appeal the court's decision, a certificate of appealability must be issued. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted). Because in this case reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted, the court will deny a certificate of appealability.

## IV. CONCLUSION

Based on the foregoing discussion, the court concludes that Petitioner has not demonstrated his circumstances merit equitable tolling of his habeas deadline, that his habeas petition is thus time-barred pursuant to 28 U.S.C. § 2244(d), and that he is not entitled to a certificate of appealability. Accordingly,

IT IS ORDERED that Petitioner's motion for equitable tolling (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2022

S:\Cleland\Cleland\NTH\Habeas & Staff Attorney\22-11896.LANGSTAFF.OrderOpinionSummDism.PS.NH.docx